# EXHIBIT D

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re the Application of: Marcos C. Tzannes | ) Group Art Unit: |
| | ) |
| Application No.: | ) Examiner: |
| | ) |
| Filed: Herewith | ) Confirmation No.: |
| | ) |
| Atty. File No.: 6936-26-CON-5 | ) |

For: SYSTEMS AND METHODS FOR A MULTICARRIER MODULATION SYSTEM WITH A VARIABLE MARGIN

Commissioner for Patents
P.O. Box 1450
Alexandria, VA   22313

**PRELIMINARY AMENDMENT**

Dear Sir:

    Prior to the initial review of the above-identified patent application by the Examiner, please enter the following Preliminary Amendment. Although Applicants do not believe that any fees are due based upon the filing of this Preliminary Amendment, please charge any such fees to Deposit Account 19-1970.

    Please amend the above-identified patent application as follows:

    **Amendments to the Specification** begin on page 2 of this paper.

    **Amendments to the Claims** are shown in the listing of claims which begin on page 3 of this paper.

    **Remarks** begin on page 4 of this paper.

## AMENDMENTS TO THE SPECIFICATION

Submitted herewith is a marked-up and clean version of a substitute specification. No new matter is believed to have been added therein.

Attorney Docket No.: 6936-26-CON-5

**AMENDMENTS TO THE CLAIMS:**

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1. (Original) A multicarrier modulation communication system comprising:
   a plurality of subchannels; and
   a plurality of margins.

2.-45. (Cancelled)

**REMARKS/ARGUMENTS**

By this amendment, claims 2-45 are canceled without prejudice or disclaimer.

Applicant requests examination on the merits.

Applicant believes that the pending claims are in condition for allowance and such disposition is respectfully requested. In the event that a telephone conversation would further prosecution and/or expedite allowance, the Examiner is invited to contact the undersigned.

The Commissioner is hereby authorized to charge to Deposit Account No. 19-1970 any fees under 37 C.F.R. §§ 1.16 and 1.17 that may be required by this paper and to credit any overpayment to that Account. If any extension of time is required in connection with the filing of this paper and has not been separately requested, such extension is hereby Petitioned.

Respectfully submitted,

SHERIDAN ROSS P.C.


By:   /Jason H. Vick/
      Jason H. Vick
      Registration No. 45,285
      1560 Broadway, Suite 1200
      Denver, Colorado 80202-5141
Date:  February 11, 2013           (303) 863-9700

4

Attorney Docket No.: 6936-26-CON-5

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 13/764,529 | 02/11/2013 | Marcos C. Tzannes | 6936-26-CON-5 | 3860 |

| 62574    7590    04/11/2013 | EXAMINER |
|---|---|
| Jason H. Vick<br>Sheridan Ross, PC<br>Suite # 1200<br>1560 Broadway<br>Denver, CO 80202 | TRAN, KHANH C |
| | ART UNIT \| PAPER NUMBER |
| | 2631 |
| | NOTIFICATION DATE \| DELIVERY MODE |
| | 04/11/2013    ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

jvick@sheridanross.com

PTOL-90A (Rev. 04/07)

|  | Application No. | Applicant(s) |
|---|---|---|
| **Office Action Summary** | 13/764,529 | TZANNES ET AL. |
|  | Examiner | Art Unit | AIA (First Inventor to File) Status |
|  | KHANH C. TRAN | 2631 | No |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

## Period for Reply

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTH(S) OR THIRTY (30) DAYS, WHICHEVER IS LONGER, FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

## Status

1) ☒ Responsive to communication(s) filed on <u>11 February 2013</u>.
   ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on _____.
2a) ☐ This action is **FINAL**.   2b) ☒ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

## Disposition of Claims

5) ☒ Claim(s) <u>1</u> is/are pending in the application.
   5a) Of the above claim(s) _____ is/are withdrawn from consideration.
6) ☐ Claim(s) _____ is/are allowed.
7) ☒ Claim(s) <u>1</u> is/are rejected.
8) ☐ Claim(s) _____ is/are objected to.
9) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov.

## Application Papers

10) ☐ The specification is objected to by the Examiner.
11) ☒ The drawing(s) filed on <u>11 February 2013</u> is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
    Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

## Priority under 35 U.S.C. § 119

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    **Certified copies:**
    a) ☐ All   b) ☐ Some *   c) ☐ None of the:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
    **Interim copies:**
    a) ☐ All   b) ☐ Some   c) ☐ None of the: Interim copies of the priority documents have been received.

**Attachment(s)**
1) ☒ Notice of References Cited (PTO-892)
2) ☒ Information Disclosure Statement(s) (PTO/SB/08)
   Paper No(s)/Mail Date _____.
3) ☐ Interview Summary (PTO-413)
   Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

Application/Control Number: 13/764,529 Page 2
Art Unit: 2631

## DETAILED ACTION

1. The Preliminary Amendment filed 2/11/2013 has been entered. Claim 1 is still pending in this Office action.

### Double Patenting

The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees.  A nonstatutory obviousness-type double patenting rejection is appropriate where the conflicting claims are not identical, but at least one examined application claim is not patentably distinct from the reference claim(s) because the examined application claim is either anticipated by, or would have been obvious over, the reference claim(s). See, e.g., *In re Berg*, 140 F.3d 1428, 46 USPQ2d 1226 (Fed. Cir. 1998); *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and  *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) or 1.321(d) may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent either is shown to

be commonly owned with this application, or claims an invention made as a result of activities undertaken within the scope of a joint research agreement.

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

2. Claim 1 is rejected on the ground of nonstatutory obviousness-type double patenting as being unpatentable over claim 1 of U.S. Patent No. 8,374,226.  Although the conflicting claims are not identical, they are not patentably distinct from each other because the application claim defines an invention that is merely an obvious variation of the invention of the Patent claim.

The application claim omits the claimed features *"… for digital subscriber line communication on wire line over …, wherein at least two subchannels are assigned …, each margin specifying an extra signal to noise ratio requirement per subchannel, the extra signal to noise ratio requirement per subchannel being in addition to what is required to maintain a specified bit error rate requirement, wherein the different margins are assigned during a training state based on expected temperature changes of the wire line, wherein the margin of a subchannel with a lower carrier frequency is lower than a margin of a subchannel with a higher carrier frequency, wherein the margins are at least one of an average margin and a subchannel specific margin, wherein the average margin is varied based on the length of the wire line*", as recited in the patent claim. Because omission of claimed elements would broaden the application claim in scope,

Application/Control Number: 13/764,529 Page 4
Art Unit: 2631

therefore, it would have been obvious for one of ordinary skill in the art at the time the invention was made that the application claim is merely an obvious variation of the invention of the Patent claim.

### *Claim Rejections - 35 USC § 102*

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in (1) an application for patent, published under section 122(b), by another filed in the United States before the invention by the applicant for patent or (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for patent, except that an international application filed under the treaty defined in section 351(a) shall have the effects for purposes of this subsection of an application filed in the United States only if the international application designated the United States and was published under Article 21(2) of such treaty in the English language.

3. Claim 1 is rejected under 35 U.S.C. 102(e) as being anticipated by Kapoor et al. U.S. Patent 6,516,027 B1.

Regarding claim 1, Kapoor et al. discloses a multicarrier modulation communication system (FIG. 1 discloses a multicarrier modulation communication system; column 5 lines 22-26) comprising:

a plurality of subchannels; and a plurality of margins (Kapoor et al. discloses a plurality of SNR margins for different subchannels; column 11 lines 50-55).

### **Conclusion**

Application/Control Number: 13/764,529                                                    Page 5
Art Unit: 2631

4. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Jacobsen et al. U.S. Patent Application Publication No. US 2003/0123560 A1.

5. Any inquiry concerning this communication or earlier communications from the examiner should be directed to KHANH C. TRAN whose telephone number is (571)272-3007.  The examiner can normally be reached on Monday - Friday from 08:00 AM - 05:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shuwang Liu can be reached on 571-272-3036.  The fax phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system.  Status information for published applications may be obtained from either Private PAIR or Public PAIR.  Status information for unpublished applications is available through Private PAIR only.  For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

Application/Control Number: 13/764,529                                                                 Page 6
Art Unit: 2631


KCT

/KHANH C TRAN/
*Primary Examiner, Art Unit 2631*