# EXHIBIT E

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In Re the Application of: Marcos C. Tzannes | Group Art Unit: 2611 |
| Application No.: 12/694,143 | Examiner: AHN, Sam K |
| Filed: January 26, 2010 | Confirmation No.: 5429 |
| Atty. File No.: 5550-26-CON-3 | |

For: SYSTEMS AND METHODS FOR A MULTICARRIER MODULATION SYSTEM WITH A VARIABLE MARGIN

## AMENDMENT AFTER FINAL

Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Madam:

      Applicants submit this Amendment After Final to address the Final Office Action having a mailing date of November 3, 2011. Please credit any overpayment or charge any underpayment to Deposit Account No. 19-1970.

      Please amend the above-identified patent application as follows:

      **Amendments to the Claims** are shown in the listing of claims which begins on page 2 of this paper.

      **Remarks** begin on page 4 of this paper.

## AMENDMENTS TO THE CLAIMS:

This listing of claims will replace all prior versions, and listings, of claims in the application.

**Listing of Claims:**

1.-57. (Canceled)

58. (New) A multicarrier modulation communication system for digital subscriber line communication on wire line over a plurality of subchannels, wherein at least two subchannels are assigned different margins, each margin specifying an extra signal to noise ratio requirement per subchannel, the extra signal to noise ratio requirement per subchannel being in addition to what is required to maintain a specified bit error rate requirement, wherein the different margins are assigned during a training state based on expected temperature changes of the wire line, wherein the margin of a subchannel with a lower carrier frequency is lower than a margin of a subchannel with a higher carrier frequency, wherein the margins are at least one of an average margin and a subchannel specific margin, wherein the average margin is varied based on the length of the wire line.

59. (New) The system according to claim 58, wherein the margins are further based on at least one of changes in the levels of a crosstalk, impulse noise, wire line length, radio frequency interference, a bit error rate, a signal to noise ratio, a seasonal change, statistical information, time information, day information, expected temperature changes of the wire line and data rate information.

60. (New) The system according to claim 58, wherein the margins are at least one of an average margin and a subchannel specific margin, wherein the average margin is applied equally to a portion of the plurality of subchannels.

61. (New) The system according to Claim 58, wherein the system further comprises a margin determiner that determines at least one margin.

62. (New) The system according to claim 58, wherein the system further comprises a margin storage device that stores at least one margin.

63. (New) The system according to claim 58, wherein the system is a modem.

64. (New) A method for digital subscriber line communications using multicarrier modulation on a wire line over a plurality of subchannels, comprising:
   assigning a first margin to a first subchannel; and
   assigning a second margin to a second subchannel;
wherein the first margin and the second margin are different and each margin specifies an extra signal to noise ratio requirement per subchannel, the extra signal to noise ratio requirement per subchannel being in addition to what is required to maintain a specified bit error rate requirement, wherein the first and second margins are assigned during a training state based on expected temperature changes of the wire line, wherein the first subchannel has a lower carrier frequency than the second subchannel and the first margin is less than the second margin, wherein the margins are at least one of an average margin and a subchannel specific margin, wherein the average margin is varied depending on the length of the wire line.

65. (New) The method according claim 64, wherein the margins are based on at least one of changes in the levels of a crosstalk, impulse noise, wire line length, radio frequency interference, a bit error rate, a signal to noise ratio, a seasonal change, statistical information, time information, day information, expected temperature changes of the wire line and data rate information.

66. (New) The method according to claim 65, wherein the margins are an average margin and a subchannel specific margin.

## REMARKS

Applicant respectfully requests reconsideration of this application as amended.

Claims 46-57 are pending.

The Examiner is thanked for the withdrawal of the 35 U.S.C. §112, second paragraph rejection.

Claims 49-51 and 55-57 are however rejected under 35 U.S.C. 103(a) as being unpatentable over McHale et al. US 6,278,728 81 (McHale, cited in the IDS) in view of Chun US 6,307,889 81.

The Office Action admits that McHale "does not explicitly disclose wherein the crosstalk is radio frequency interference or ingress…"

The Office Action further asserts that:

Chun further discloses wherein the variations of the noise conditions including crosstalk and RFI is expected channel impairment as the channel characteristic is varied based on the noise conditions (note c.8, 1.32-46). One skilled in the art would recognize that the crosstalk and RFI is equivalent to the expected channel impairment as the system characteristic is varied based on current impairment in which the system expects that at least for the next time, the impairment is the crosstalk and RFI already determined. There is no other impairment that differentiates an expected impairment from a determined impairment. Therefore, it would have been obvious to one skilled in the art at the time the invention was made to incorporate the teaching of Chun in the system of McHale wherein the crosstalk includes RFI for the purpose of taking in consideration of wide variety of different noises including AWGN, NEXT, FEXT and RFI, note c.8, 1.33.

While Applicant respectfully submits that expected channel impairments are different than current noise conditions of the line, Applicant has replaced the pending claims with the newly added claims above which are directed toward more specific aspects of the invention.

Accordingly, all rejections are moot in that the references do not teach, suggest or disclose the claimed combination of features.

Withdrawal of all rejections is therefore respectfully requested.

With all rejections having been overcome, Applicant respectfully submits the application is in condition for allowance.

A Notice of Allowance is respectfully requested.

Should the Examiner believe anything further is desirable in order to place the application in even better condition for allowance, the Examiner is encouraged to contact Applicants undersigned representative at the telephone number listed below.

The Commissioner is hereby authorized to charge to deposit account number 19-1970 any fees under 37 CFR § 1.16 and 1.17 that may be required by this paper and to credit any overpayment to that Account. If any extension of time is required in connection with the filing of this paper and has not been separately requested, such extension is hereby petitioned.

Respectfully submitted,

SHERIDAN ROSS P.C.

Date: 3 May '12         By: _____
                            Jason H. Vick
                            Reg. No. 45,285
                            1560 Broadway, Suite 1200
                            Denver, Colorado 80202
                            Telephone: 303-863-9700



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

# NOTICE OF ALLOWANCE AND FEE(S) DUE

| 62574 | 7590 | 12/10/2012 |
|---|---|---|

Jason H. Vick
Sheridan Ross, PC
Suite # 1200
1560 Broadway
Denver, CO 80202

| EXAMINER |
|---|
| TRAN, KHANH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2631 | |

DATE MAILED: 12/10/2012

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/694,143 | 01/26/2010 | Marcos C. Tzannes | 6936-26-CON-3 | 5429 |

TITLE OF INVENTION: SYSTEMS AND METHODS FOR A MULTICARRIER MODULATION SYSTEM WITH A VARIABLE MARGIN

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1770 | $300 | $0 | $2070 | 03/11/2013 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. **PROSECUTION ON THE MERITS IS CLOSED.** THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN <u>THREE MONTHS</u> FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. **THIS STATUTORY PERIOD CANNOT BE EXTENDED.** SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE DOES NOT REFLECT A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE IN THIS APPLICATION. IF AN ISSUE FEE HAS PREVIOUSLY BEEN PAID IN THIS APPLICATION (AS SHOWN ABOVE), THE RETURN OF PART B OF THIS FORM WILL BE CONSIDERED A REQUEST TO REAPPLY THE PREVIOUSLY PAID ISSUE FEE TOWARD THE ISSUE FEE NOW DUE.

**HOW TO REPLY TO THIS NOTICE:**

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status above is to be removed, check box 5b on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check box 5a on Part B - Fee(s) Transmittal and pay the PUBLICATION FEE (if required) and 1/2 the ISSUE FEE shown above.

II. PART B - FEE(S) TRANSMITTAL, or its equivalent, must be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted. If an equivalent of Part B is filed, a request to reapply a previously paid issue fee must be clearly made, and delays in processing may occur due to the difficulty in recognizing the paper as an equivalent of Part B.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Mail Stop ISSUE FEE unless advised to the contrary.

**IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.**

Page 1 of 3

PTOL-85 (Rev. 02/11)

# PART B - FEE(S) TRANSMITTAL

**Complete and send this form, together with applicable fee(s), to:** **Mail** Mail Stop ISSUE FEE
Commissioner for Patents
P.O. Box 1450
Alexandria, Virginia 22313-1450
**or Fax** (571)-273-2885

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 5 should be completed where appropriate. All further correspondence including the Patent, advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

CURRENT CORRESPONDENCE ADDRESS (Note: Use Block 1 for any change of address)

62574    7590    12/10/2012
Jason H. Vick
Sheridan Ross, PC
Suite # 1200
1560 Broadway
Denver, CO 80202

Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission.

**Certificate of Mailing or Transmission**
I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Mail Stop ISSUE FEE address above, or being facsimile transmitted to the USPTO (571) 273-2885, on the date indicated below.

_____ (Depositor's name)
_____ (Signature)
_____ (Date)

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/694,143 | 01/26/2010 | Marcos C. Tzannes | 6936-26-CON-3 | 5429 |

TITLE OF INVENTION: SYSTEMS AND METHODS FOR A MULTICARRIER MODULATION SYSTEM WITH A VARIABLE MARGIN

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE DUE | PUBLICATION FEE DUE | PREV. PAID ISSUE FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|---|
| nonprovisional | NO | $1770 | $300 | $0 | $2070 | 03/11/2013 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| TRAN, KHANH C | 2631 | 375-222000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).
   ☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.
   ☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. **Use of a Customer Number is required.**

2. For printing on the patent front page, list
   (1) the names of up to 3 registered patent attorneys or agents OR, alternatively,
   (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

   1 _____
   2 _____
   3 _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

   PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. If an assignee is identified below, the document has been filed for recordation as set forth in 37 CFR 3.11. Completion of this form is NOT a substitute for filing an assignment.

   (A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent):  ☐ Individual  ☐ Corporation or other private group entity  ☐ Government

4a. The following fee(s) are submitted:
☐ Issue Fee
☐ Publication Fee (No small entity discount permitted)
☐ Advance Order - # of Copies _____

4b. Payment of Fee(s): (**Please first reapply any previously paid issue fee shown above**)
☐ A check is enclosed.
☐ Payment by credit card. Form PTO-2038 is attached.
☐ The Director is hereby authorized to charge the required fee(s), any deficiency, or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

5. **Change in Entity Status** (from status indicated above)
   ☐ a. Applicant claims SMALL ENTITY status. See 37 CFR 1.27.     ☐ b. Applicant is no longer claiming SMALL ENTITY status. See 37 CFR 1.27(g)(2).

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

Authorized Signature _____     Date _____

Typed or printed name _____     Registration No. _____

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, Virginia 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, Virginia 22313-1450.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

PTOL-85 (Rev. 02/11) Approved for use through 08/31/2013.     OMB 0651-0033     U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 12/694,143 | 01/26/2010 | Marcos C. Tzannes | 6936-26-CON-3 | 5429 |

| 62574   7590   12/10/2012 | EXAMINER |
|---|---|
| Jason H. Vick<br>Sheridan Ross, PC<br>Suite # 1200<br>1560 Broadway<br>Denver, CO 80202 | TRAN, KHANH C |

| ART UNIT | PAPER NUMBER |
|---|---|
| 2631 | |

DATE MAILED: 12/10/2012

## Determination of Patent Term Adjustment under 35 U.S.C. 154 (b)
(application filed on or after May 29, 2000)

The Patent Term Adjustment to date is 88 day(s). If the issue fee is paid on the date that is three months after the mailing date of this notice and the patent issues on the Tuesday before the date that is 28 weeks (six and a half months) after the mailing date of this notice, the Patent Term Adjustment will be 88 day(s).

If a Continued Prosecution Application (CPA) was filed in the above-identified application, the filing date that determines Patent Term Adjustment is the filing date of the most recent CPA.

Applicant will be able to obtain more detailed information by accessing the Patent Application Information Retrieval (PAIR) WEB site (http://pair.uspto.gov).

Any questions regarding the Patent Term Extension or Adjustment determination should be directed to the Office of Patent Legal Administration at (571)-272-7702. Questions relating to issue and publication fee payments should be directed to the Customer Service Center of the Office of Patent Publication at 1-(888)-786-0101 or (571)-272-4200.

Page 3 of 3

PTOL-85 (Rev. 02/11)

## Privacy Act Statement

**The Privacy Act of 1974 (P.L. 93-579)** requires that you be given certain information in connection with your submission of the attached form related to a patent application or patent. Accordingly, pursuant to the requirements of the Act, please be advised that: (1) the general authority for the collection of this information is 35 U.S.C. 2(b)(2); (2) furnishing of the information solicited is voluntary; and (3) the principal purpose for which the information is used by the U.S. Patent and Trademark Office is to process and/or examine your submission related to a patent application or patent. If you do not furnish the requested information, the U.S. Patent and Trademark Office may not be able to process and/or examine your submission, which may result in termination of proceedings or abandonment of the application or expiration of the patent.

The information provided by you in this form will be subject to the following routine uses:

1. The information on this form will be treated confidentially to the extent allowed under the Freedom of Information Act (5 U.S.C. 552) and the Privacy Act (5 U.S.C 552a). Records from this system of records may be disclosed to the Department of Justice to determine whether disclosure of these records is required by the Freedom of Information Act.
2. A record from this system of records may be disclosed, as a routine use, in the course of presenting evidence to a court, magistrate, or administrative tribunal, including disclosures to opposing counsel in the course of settlement negotiations.
3. A record in this system of records may be disclosed, as a routine use, to a Member of Congress submitting a request involving an individual, to whom the record pertains, when the individual has requested assistance from the Member with respect to the subject matter of the record.
4. A record in this system of records may be disclosed, as a routine use, to a contractor of the Agency having need for the information in order to perform a contract. Recipients of information shall be required to comply with the requirements of the Privacy Act of 1974, as amended, pursuant to 5 U.S.C. 552a(m).
5. A record related to an International Application filed under the Patent Cooperation Treaty in this system of records may be disclosed, as a routine use, to the International Bureau of the World Intellectual Property Organization, pursuant to the Patent Cooperation Treaty.
6. A record in this system of records may be disclosed, as a routine use, to another federal agency for purposes of National Security review (35 U.S.C. 181) and for review pursuant to the Atomic Energy Act (42 U.S.C. 218(c)).
7. A record from this system of records may be disclosed, as a routine use, to the Administrator, General Services, or his/her designee, during an inspection of records conducted by GSA as part of that agency's responsibility to recommend improvements in records management practices and programs, under authority of 44 U.S.C. 2904 and 2906. Such disclosure shall be made in accordance with the GSA regulations governing inspection of records for this purpose, and any other relevant (i.e., GSA or Commerce) directive. Such disclosure shall not be used to make determinations about individuals.
8. A record from this system of records may be disclosed, as a routine use, to the public after either publication of the application pursuant to 35 U.S.C. 122(b) or issuance of a patent pursuant to 35 U.S.C. 151. Further, a record may be disclosed, subject to the limitations of 37 CFR 1.14, as a routine use, to the public if the record was filed in an application which became abandoned or in which the proceedings were terminated and which application is referenced by either a published application, an application open to public inspection or an issued patent.
9. A record from this system of records may be disclosed, as a routine use, to a Federal, State, or local law enforcement agency, if the USPTO becomes aware of a violation or potential violation of law or regulation.

| | Application No. | Applicant(s) |
|---|---|---|
| **Notice of Allowability** | 12/694,143 | TZANNES, MARCOS C. |
| | Examiner | Art Unit |
| | KHANH C. TRAN | 2631 |

-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address--

All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to _The RCE filed 5/3/2012_.

2. ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on _____; the restriction requirement and election have been incorporated into this action.

3. ☒ The allowed claim(s) is/are _58-66_. As a result of the allowed claim(s), you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to PPHfeedback@uspto.gov .

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
   a) ☐ All   b) ☐ Some*   c) ☐ None   of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
      3. ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
   * Certified copies not received: _____ .

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application.
**THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

5. ☐ CORRECTED DRAWINGS ( as "replacement sheets") must be submitted.
   ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No./Mail Date _____ .
   **Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the front (not the back) of each sheet. Replacement sheet(s) should be labeled as such in the header according to 37 CFR 1.121(d).**

6. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

**Attachment(s)**
1. ☒ Notice of References Cited (PTO-892)
2. ☒ Information Disclosure Statements (PTO/SB/08), Paper No./Mail Date _____
3. ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material
4. ☐ Interview Summary (PTO-413), Paper No./Mail Date _____ .
5. ☐ Examiner's Amendment/Comment
6. ☒ Examiner's Statement of Reasons for Allowance
7. ☐ Other _____ .

/KHANH C TRAN/
Primary Examiner, Art Unit 2631

Application/Control Number: 12/694,143                                                                                  Page 2
Art Unit: 2631

1. The RCE filed 5/3/2012 has been entered. Claims 58-66 are still pending in this Office action.

2. Claims 58-66 have been renumbered as claims 1-9, respectively.

## Response to Arguments

3. Applicant's arguments, see Applicant's Remarks, filed 5/3/2012, with respect to claims 46-57 have been fully considered and are persuasive. The rejection of claims 46-57 has been withdrawn after claims were canceled.

## Reasons for Allowance

The following is an examiner's statement of reasons for allowance:

4. Claims are allowed over prior art of record because the cited references either singularly or in combination cannot teach or suggest "_the first margin and the second margin are different and each margin specifies an extra signal to noise ratio requirement per subchannel, the extra signal to noise ratio requirement per subchannel being in addition to what is required to maintain a specified bit error rate requirement, wherein the first and second margins are assigned during a training state based on expected temperature changes of the wire line, wherein the first subchannel has a lower carrier frequency than the second subchannel and the first margin is less than the second margin,_

Application/Control Number: 12/694,143            Page 3
Art Unit: 2631

*wherein the margins are at least one of an average margin and a subchannel specific margin, wherein the average margin is varied depending on the length of the wire line*".

Any comments considered necessary by applicant must be submitted no later than the payment of the issue fee and, to avoid processing delays, should preferably accompany the issue fee. Such submissions should be clearly labeled "Comments on Statement of Reasons for Allowance."

### Conclusion

5. The prior art made of record and not relied upon is considered pertinent to applicant's disclosure.

Jacobsen et al. US 2003/0123560 A1.

6. Any inquiry concerning this communication or earlier communications from the examiner should be directed to KHANH C. TRAN whose telephone number is (571)272-3007. The examiner can normally be reached on Monday - Friday from 08:00 AM - 05:00 PM.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, Shuwang Liu can be reached on 571-272-3036. The fax

Application/Control Number: 12/694,143                                                                  Page 4
Art Unit: 2631

phone number for the organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of an application may be obtained from the Patent Application Information Retrieval (PAIR) system. Status information for published applications may be obtained from either Private PAIR or Public PAIR. Status information for unpublished applications is available through Private PAIR only. For more information about the PAIR system, see http://pair-direct.uspto.gov. Should you have questions on access to the Private PAIR system, contact the Electronic Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO Customer Service Representative or access to the automated information system, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.

KCT

/KHANH C TRAN/
*Primary Examiner, Art Unit 2631*