IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-954-RGA |
| ADTRAN, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| ADTRAN, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 15-121-RGA |
| TQ DELTA, LLC, | : | |
| Defendant. | : | |

**DISCOVERY ORDER**

The Special Master made various discovery rulings relating to the production of documents, embodied in a seventeen-page letter to counsel. (D.I. 361, No. 15-121, D.I. 362).[1] Adtran filed objections (D.I. 372), to which TQ Delta responded (D.I. 377).

I review the rulings *de novo*.

Adtran makes three objections.

One is that the litigation funding agreements should be ordered to be provided. (D.I. 372 p.3). It cites a Sixth Circuit case, *Bals[l]ey v. LFP, Inc.*, 691 F.3d 747, 762 (6th Cir. 2012), as support for the proposition that the information is vital as otherwise "ADTRAN cannot identify witnesses having bias, potential jurors who may be partial, or grounds for recusal." (D.I. 372,

---

[1] Citations are to the docket in No. 14-954 unless otherwise indicated.

p.3). Intrigued, I looked at the cited case, at the cited page, which has to do with review of a trial where Defendant's lawyer testified and admitted that Defendant paid the lawyer's law firm $1,500,000 per year in fees. Nothing about discovery, nothing about potential jurors, nothing about recusal. As for witness bias, I believe that is already being addressed in a more focused way, that is, in connection with people identified as witnesses. (D.I. 361, p.5). As for bias of potential jurors, voir dire at trial will smoke it out. And recusal appears to be nothing more than a "Hail Mary." As TQ Delta points out in response (D.I. 377, pp.4-6), I have previously held in other cases that litigation funding agreements are in themselves irrelevant. I continue to believe that that is generally so, and that, in cases such as this, providing Adtran with the details of TQ Delta's financing provides an unfair and unwarranted advantage to Adtran. The first objection is overruled.

The second is that identity and relationship of TQ Delta's members and affiliates should be ordered to be provided. For RFP #8, there is no organization chart. I take it if there were, the Special Master would have ordered it to be produced. RFP #9 seems unnecessarily burdensome, overbroad, and mostly irrelevant. I take it from the Special Master's discussion that he would uphold Adtran's ability to explore some of these topics (particularly the subject of RFP #10, other than "shareholders") in a Rule 30(b)(6) deposition. I take it from TQ Delta's submission that inquiry into who or what makes up "TQCAP GP, LLC" is fair game. I think that Rule 30(b)(6) might be the better way to do these things, and thus I will overrule the second objection.

The third is that the Special Master's decision lacks clarity. (D.I. 372, p.9). I decline to address this. A request for "clarification" should, in the first instance, be addressed to the Special Master.

The objections (D.I. 372) are **OVERRULED**. The Special Master's rulings (D.I. 361) are **ADOPTED**.

IT IS SO ORDERED this ___ day of June 2018.

                                                                  /s/ Richard G. Andrews
                                                                   United States District Judge