# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-cv-954-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| ADTRAN, INC., | ) | **REDACTED VERSION** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| ADTRAN, INC., | ) | |
| | ) | |
| Plaintiff and Counterclaim Defendant, | ) | C.A. No. 15-cv-121-RGA |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TQ DELTA, LLC, | ) | **REDACTED VERSION** |
| | ) | |
| Defendant and Counterclaim Plaintiff. | ) | |

## ADTRAN'S OPENING BRIEF IN SUPPORT OF ITS
## MOTION TO STRIKE NEW INFRINGEMENT CONTENTIONS IN THE EXPERT
## REPORT OF DR. RUDNICK AND THE RELATED PORTION OF DR. COOKLEV'S
## REPORT

OF COUNSEL:

Garland Stephens (admitted *pro hac vice*)
Melissa L. Hotze (admitted *pro hac vice*)
Justin L. Constant (admitted *pro hac vice*)
Rene E. Mai (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, Texas 77002
Phone: (713) 546-5000
Fax: (713) 224-9511
garland.stephens@weil.com
melissa.hotze@weil.com
justin.constant@weil.com
rene.mai@weil.com

Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Phone: 302-888-6800
Fax: 302-571-1750
kdorsney@morrisjames.com

*Attorneys for Defendant, Plaintiff, and
Counterclaim Defendant ADTRAN, Inc.*

Redacted Version: May 13, 2019

10926195/1

Anne M. Cappella (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100
anne.cappella@weil.com

Scott Burnett Smith (admitted *pro hac vice*)
David W. Holt (admitted *pro hac vice*)
Benn C. Wilson (admitted *pro hac vice*)
Jake M. Gipson (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Phone: 205-521-8000
ssmith@bradley.com
dholt@bradley.com
bcwilson@bradley.com
jgipson@bradley.com

## **TABLE OF CONTENTS**

I.   NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 1

II.  SUMMARY OF THE ARGUMENT ............................................................................... 1

III. STATEMENT OF FACTS ............................................................................................... 2

IV.  LEGAL STANDARD ...................................................................................................... 4

V.   ARGUMENT .................................................................................................................... 5

VI.  CONCLUSION ................................................................................................................. 8

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*B-K Lighting, Inc. v. Vision3 Lighting*,
   930 F. Supp. 2d 1102 (C.D. Cal. 2013) .................................................................................8

*Bridgestone Sports Co. Ltd. v. Acushnet Co.,*
   CIVA 05-132 JJF, 2007 WL 521894 (D. Del. Feb. 15, 2007)..............................................4, 5

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2007)....................................................................................8

*Hochstein v. Microsoft Corp.*,
   04-73071, 2009 WL 2498481 (E.D. Mich. Aug. 17, 2009).....................................................5

*Meyers v. Pennypack Woods Home Ownership Assn.*,
   559 F.2d 894 (3d Cir. 1977).....................................................................................................5

O2 *Micro Int'l Ltd. v. Monolithic Power Sys.*,
   467 F.3d 1355 (Fed. Cir. 2006)................................................................................................8

*Oracle Am., Inc. v. Google Inc.*,
   C 10-03561 WHA, 2011 WL 4479305 (N.D. Cal. Sept. 26, 2011).........................................6

**Other Authorities**

Fed. R. Civ. P. 26(a) ......................................................................................................................4

Fed. R. Civ. P. 37(c)(1)..................................................................................................................4

I.     NATURE AND STAGE OF THE PROCEEDINGS

In these two actions filed on July 18, 2014, TQ Delta LLC ("TQ Delta") alleges that ADTRAN, Inc. ("ADTRAN") infringes 38 patents across 10 patent families.  The Court split the case into individual trials for each patent family. Family 9 is the first trial occurring against ADTRAN and is scheduled for October 7, 2019.  C.A. No. 15-121-RGA, D.I. 370 at 11.  Family 9A has four patents, U.S. Patent Nos. 8,335,956 ("956 Patent"), 8,407,546, 8,468,411 ("411 Patent"), and 8,645,784 ("784 Patent"), while Family 9B has one patent, U.S. Patent No. 8,595,577.

TQ Delta served final infringement contentions for Lantiq-based products in December 2016.  Fact discovery closed for all patent families on October 1, 2018.  D.I. 370[1] at 2. Opening infringement reports for Family 9 were served on April 15, 2019. D.I. 558.

TQ Delta has never served any infringement contentions asserting the 956 Patent against ADTRAN's Lantiq-based products. Yet, in its April 15, 2019 expert reports, TQ Delta for the first time contends that ADTRAN's Lantiq-based products infringe the 956 Patent.  ADTRAN now moves to strike those belated contentions.

II.    SUMMARY OF THE ARGUMENT

TQ Delta filed this case almost five years ago, and has had more than ample time to serve infringement contentions for these new allegations on the 956 Patent against the Lantiq-based ADTRAN products, but never did so.  TQ Delta completed its review of Lantiq source code on November 26, 2016 and served its final infringement contentions for Lantiq-based products more than two years ago, on December 8, 2016.  Yet, despite the Court's explicit instructions that "we don't need to be doing representative claims," TQ Delta waited until its expert reports to assert the

---

[1] All citations to the docket are to the 14-954 case unless otherwise noted.

956 Patent against ADTRAN's Lantiq-based products. TQ Delta's delay is unfair and prejudicial to ADTRAN, which now has had only a few weeks to evaluate TQ Delta's new infringement contentions and formulate non-infringement theories before serving its opposition report on May 9, 2019, while at the same time responding to the rest of TQ Delta's infringement report.

TQ Delta's earlier assertion of the 956 Patent against Broadcom-based products does not excuse its delay. There is no dispute that the Family 9A patents are not standards essential and that TQ Delta's infringement allegations for Family 9A depend on the specific functionality of the accused products. *See, e.g.*, Ex. 1[2] (Lantiq Chart) at 25 n.1. As a result, TQ Delta's infringement contentions ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. The Broadcom and Lantiq DSL chips were developed by different companies using different hardware and source code. TQ Delta's unexcused new assertion is a clear violation of the Court's scheduling order that required TQ Delta to disclose all of its infringement theories during fact discovery. Furthermore, it was TQ Delta's burden to timely seek leave to amend its infringement contentions during the discovery period. It is manifestly unfair to shift the burden to ADTRAN to exclude this new theory during the short time between burden-of-proof and opposition expert reports. ADTRAN respectfully requests that TQ Delta's allegations that ADTRAN's Lantiq-based products infringe the 956 patent be stricken from TQ Delta's expert reports, including the new infringement charts and theories in Dr. Rudnick's expert report and the portions of Dr. Cooklev's report that rely on them.

### III. STATEMENT OF FACTS

TQ Delta acknowledges that Family 9A is not standards essential. *See, e.g.*, Ex. 1 (Lantiq Chart) at 25 n.1. Its allegations therefore depend on the specifics of the DSL chips used in the

---

[2] Exhibits cited throughout are attached to the Declaration of Melissa Hotze, filed herewith.

accused products. The ADTRAN accused products use DSL chips from competing third-party suppliers Broadcom and Lantiq. TQ Delta's final infringement contentions ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

At the March 3, 2016 status conference, the Court stated "that we need to get what I believe has not occurred yet, which is really crystalized, detailed contentions" and provided that the defendants "will get final infringement contentions for all the chips other than the Broadcom chips in 120 days." Ex. 8 (March 3, 2016 Status Conference) at 47:10-14; 49:1-5. The Court set the deadline for final invalidity contentions after the final infringement contentions because "all of the claims [will be] charted." *Id.* at 54:25-55:4. The deadline for final infringement contentions for non-Broadcom products was extended several times, until December 8, 2016. D.I. 90 (Stipulation Extending Contention Deadline).

On December 8, 2016, TQ Delta served its final infringement contentions for Lantiq-based products. Those contentions did not include any allegation that the Lantiq-based accused products infringe the 956 Patent, whether in a "representative" capacity or otherwise. At a March 3, 2017 status conference, during which the Court divided the case into the 10 patent families at issue, the court stated:

> This may be implicit, but I didn't say it. Part of doing it the way I set it out here is, then we don't need to be doing representative claims. We have various claims that have been asserted. And every claim that the plaintiff wants to go forward on needs to stand on its own.

Ex. 3 (March 2, 2017 Status Conference) at 26:9-14.

On April 11, 2018, the Court issued its Final Scheduling Order, setting June 30, 2018 as the date for final infringement contentions. D.I. 370. The Court's Scheduling Order stated that

3

"TQ Delta may seek leave to supplement its final infringement contentions for good cause." D.I. 370 at 5. TQ Delta has never done so. Fact discovery closed on October 1, 2018. D.I. 370 at 2.

TQ Delta served opening infringement reports for Family 9 on April 15, 2019. D.I. 558. The report of TQ Delta's expert Dr. Elizabeth Rudnick analyzed the source code of the accused products. For the first time, TQ Delta submitted two claim charts asserting claim 31 of the 956 Patent against ADTRAN's Lantiq-based products, specifically ▮▮▮▮▮▮▮▮▮▮ Ex. 4 (Rudnick Appendix 3). TQ Delta contends that these two products are representative of all ADTRAN products that use Lantiq's Vinax V2 or V3 DSL chips. Ex. 5 (Cooklev Report) at 83. TQ Delta's expert Dr. Cooklev submitted an expert report that relies on the report of Dr. Rudnick to conclude that these Lantiq-based products infringe the 956 Patent. ADTRAN asked TQ Delta to remove these belated new contentions on April 23, 2019, but TQ Delta refused, stating that its previously served contentions for the 411 Patent and 784 Patent were "representative" of these new contentions for the 956 Patent. Ex. 6 (Correspondence between Counsel).

ADTRAN's rebuttal non-infringement report is due on May 9, 2019. D.I. 370 at 7.

### IV.    LEGAL STANDARD

Rule 37 provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially harmless." FED. R. CIV. P. 37(c)(1). "The decision to exclude evidence lies within the discretion of the Court." *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, C.A. No. 05-132 JJF, 2007 WL 521894, at *4 (D. Del. Feb. 15, 2007) (precluding use of prior art references that were available to defendant prior to the close of fact discovery and the deadline for final invalidity contentions).

4

In considering whether to exclude testimony under Rule 37, a court must consider the "*Pennypack* factors": "(1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption of the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rule; and (5) the importance of the evidence to the party offering it." *Bridgestone Sports*, 2007 WL 521894, at *4 (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)).

## V.  ARGUMENT

It is too late for TQ Delta to inject new infringement theories into the case through its infringement expert reports. *See Hochstein v. Microsoft Corp.*, 04-73071, 2009 WL 2498481, at *3 (E.D. Mich. Aug. 17, 2009) (a "Plaintiff cannot create a new infringement theory in their expert report after the discovery deadline has passed," instead it "must be done ... during the period for discovery"). TQ Delta's untimely disclosure violates this Court's orders and the purpose for setting final infringement contention deadlines, which is to provide parties the information they need to litigate the case. The *Pennypack* factors weigh in favor of striking these contentions.

Until its expert report, TQ Delta had never served any claim chart asserting that any Lantiq-based ADTRAN product infringed the 956 patent. The claim of the 956 patent that TQ Delta now contends is infringed, claim 31, includes limitations that are not found in any other asserted claim, such as:

> wherein the first allocated portion of the shared memory is no more than the amount of memory indicated in the message for the deinterleaving function and the second allocated portion of the shared memory is no more than the amount of memory indicated in the message for retransmission function.

Ex. 7 (956 Patent) at 28:17-23. Because neither the claim nor the patent were previously asserted against Lantiq-based products, ADTRAN did not have an opportunity to investigate this claim

5

with its supplier Lantiq nor to develop non-infringement theories for Lantiq-based products prior to the service of TQ Delta's expert report. This unfairly prejudices ADTRAN, which will be forced to develop and assess non-infringement theories for the 956 Patent in the very short time before opposition reports are due while also responding to the rest of TQ Delta's infringement report.

In addition, third party Lantiq[3] responded to TQ Delta's 30(b)(6) notice by moving to quash the topics therein as overbroad. The presiding Judge addressing Lantiq's motion agreed and only required Lantiq to provide a witness on the "source code cited in TQ Delta's infringement contentions." Case 4:17-mc-80159-KAW, Ex. 9, D.I. 28 at 5 (N.D. Cal. Feb. 23, 2018). Lantiq complied with the court's directive when it offered its witnesses in September 2018 based on TQ Delta's "final infringement contentions." Those contentions did not include any claims that Lantiq-based products infringed the 956 Patent; therefore, Lantiq's witness did not speak to any such allegations. *See, e.g.*, *Oracle Am., Inc. v. Google Inc.*, C 10-03561 WHA, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011) (striking portions of expert report that included new accused products because plaintiff's "infringement theories may be directed only toward accused products that were specifically named in its April 2011 disclosure of infringement contentions").

Second, ADTRAN has no ability to cure the prejudice caused by TQ Delta's actions. ADTRAN's ability to prepare its non-infringement report has been hampered—and that cannot be corrected under the current schedule. ADTRAN cannot recover the time spent addressing TQ Delta's untimely contentions for the 956 Patent.

Third, TQ Delta has at the very least intentionally disregarded the Court's explicit instructions and its final scheduling order. On March 2, 2017, the Court told TQ Delta's attorney that representative claims were no longer appropriate. Ex. 3 (March 2, 2017 Status Conference) at

---

[3] The 30(b)(6) Notice was served on Intel Corporation, which purchased Lantiq in 2015.

6

26:7-16 (addressing Mr. McAndrews regarding representative claims). Yet, TQ Delta failed to provide charts for the 956 patent against Lantiq-based accused products, although it had ample time to do so before fact discovery closed. The Court's final scheduling order also set a deadline for final infringement contentions in June 2018 that required a showing of "good cause" for any later supplementation. TQ Delta never sought leave to assert this new infringement theory. Instead, it simply inserted these previously undisclosed contentions in its experts' infringement reports, forcing ADTRAN to file this motion to strike rather than focus on its own non-infringement report.

When ADTRAN asked TQ Delta to drop these untimely accusations, TQ Delta responded that the Court had only required TQ Delta to "identify representative claims" and that it was not required to serve final infringement charts for the Lantiq-based products. Ex. 6 (Correspondence between Counsel). But this ignores the Court's explicit direction that TQ Delta was required to chart all the asserted claims for the Lantiq-based products and no representative claims would be allowed.  Ex. 8 (March 3, 2016 Status Conference) at 47:10-14; 49:1-5, 54:25-55:4; Ex. 3 (March 2, 2017 Status Conference) at 26:9-14. TQ Delta should not be permitted to flout the Court's direction and scheduling order by hiding its allegations from ADTRAN and then, without ever seeking leave to do so, including them in its expert reports.

Finally, these infringement allegations are of little importance to TQ Delta's case. If this claim was important, TQ Delta would have included them in its final infringement contentions against Lantiq-based products.  TQ Delta has infringement claims against the same Lantiq-based products under two other patents in Family 9A, as well as claims against Broadcom-based products for three patents in Family 9A.  As one Court explained:

> Disallowing an exiguous infringement contention against one accused product is
> not the same as granting default judgment against Plaintiff. CAC was on notice of

7

> the rules, had plenty of time to comply, and had sufficient information to file a proper infringement contention and chart. The court finds no violation of due process in striking this contention.

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 825 (E.D. Tex. 2007); *see also B-K Lighting, Inc. v. Vision3 Lighting*, 930 F. Supp. 2d 1102, 1137 (C.D. Cal. 2013) (striking portions of infringement report that included new infringement theories); O*2 Micro Int'l Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1369-1379 (Fed. Cir. 2006) (district court did not abuse its discretion in limiting plaintiff to the infringement theory it set forth in its preliminary contentions and granting summary judgment).

## VI. CONCLUSION

ADTRAN respectfully requests that the Court strike the portions of Dr. Rudnick's and Dr. Cooklev's reports relating to TQ Delta's newly disclosed infringement allegations for claim 31 of the 956 Patent against ADTRAN's Lantiq-based products.

8

Dated: May 6, 2018						Respectfully submitted,

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Phone: 302-888-6800
Fax: 302-571-1750
kdorsney@morrisjames.com

Garland Stephens (admitted *pro hac vice*)
Melissa L. Hotze (admitted *pro hac vice*)
Justin L. Constant (admitted *pro hac vice*)
Rene E. Mai (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1700
Houston, Texas 77002
Phone: (713) 546-5000
Fax: (713) 224-9511
garland.stephens@weil.com
melissa.hotze@weil.com
justin.constant@weil.com
rene.mai@weil.com

Anne M. Cappella (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Phone: (650) 802-3000
Fax: (650) 802-3100
anne.cappella@weil.com

Scott Burnett Smith (admitted *pro hac vice*)
David W. Holt (admitted *pro hac vice*)
Benn C. Wilson (admitted *pro hac vice*)
Jake M. Gipson (admitted *pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 5th Avenue N
Birmingham, AL 35203
Phone: 205-521-8000
ssmith@bradley.com
dholt@bradley.com
bcwilson@bradley.com
jgipson@bradley.com

*Attorneys for Defendant, Plaintiff, and Counterclaim Defendant ADTRAN, Inc.*

9

## CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on May 6, 2019, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

I further certify that on that same date the attached document was electronically mailed to the following person(s):

Brian E. Farnan
Michael J. Farnan
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for TQ Delta, LLC*

Peter McAndrews
Timothy J. Malloy
Thomas Wimbiscus
Paul McAndrews
Sharon A. Hwang
Anna Targowska
Rajendra A. Chiplunkar
James P. Murphy
Michael S. Tomsa
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL  60661
pmcandrews@mcandrews-ip.com
tmalloy@mcandrews-ip.com
twimbiscus@mcandrews-ip.com
pwmcandrews@mcandrews-ip.com
shwang@mcandrews-ip.com
atargowska@mcandrews-ip.com
rchiplunkar@mcandrews-ip.com
jmurphy@mcandrews-ip.com
mtomsa@mcandrews-ip.com
TQD-DSL@mcandrews-ip.com

*Attorneys for TQ Delta, LLC*

        Ari B. Lukoff
        Sharon E. Roberg-Perez
        Kris Y. Teng
        David A. Prange
        ROBINS KAPLAN LLP
        800 LaSalle Avenue, Suite 2800
        Minneapolis, MN 55402
        ALukoff@robinskaplan.com
        sroberg-perez@robinskaplan.com
        kteng@robinskaplan.com
        dprange@robinskaplan.com
        sroberg-perez@robinskaplan.com
        kteng@robinskaplan.com

        *Attorneys for TQ Delta, LLC*

Dated: May 6, 2019

        */s/ Kenneth L. Dorsney*
        Kenneth L. Dorsney (#3726)
        MORRIS JAMES LLP
        500 Delaware Avenue, Suite 1500
        Wilmington, DE 19801
        302-888-6800
        kdorsney@morrisjames.com

        *Attorneys for ADTRAN, Inc.*