IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>ADTRAN, INC.,<br><br>    Defendant. | Civil Action No. 14-954-RGA |
| ADTRAN, INC.,<br><br>    Plaintiff and<br>    Counterclaim Defendant,<br><br>v.<br><br>TQ DELTA, LLC,<br><br>    Defendant and<br>    Counterclaim Plaintiff. | Civil Action No. 15-121-RGA |

MEMORANDUM ORDER

Pending before the Court is ADTRAN's Motion for Clarification and Reconsideration of the Court's Summary Judgment Order on License of the Disputed Patents. (D.I. 794; *see* D.I. 762).[1] I have reviewed the parties' briefing and related papers. (D.I. 794, 815, 826, 854).

---

[1] All docket items citations refer to C.A. No. 14-954 unless otherwise noted.

1

## I. BACKGROUND

The motion arises from an ongoing dispute between the parties as to ten of the patents-in-suit (the "Disputed Patents").[2] I summarized the relevant background in my May 21, 2018 and July 23, 2019 memorandum opinions on the license issue and incorporate that background here. (D.I. 398 at 1-2; D.I. 674 at 2-4). After allowing the parties to respond to my clarified construction of the license in the July 23, 2019 Memorandum Opinion, I denied both parties' motions for summary judgment as to the G.inp patents-in-suit in my August 15, 2019 Memorandum Opinion. (D.I. 762 at 4). ADTRAN now asks that I reconsider the August 15, 2019 decision and clarify what "in conjunction with" means in the context of the license. (D.I. 794 at 1).

## II. LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend . . . previous rulings" or to "make findings of fact." *Resolution Trust Corp. v. KPMG Peat Marwick*, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993). "Although a district court may in some circumstances entertain a motion for clarification to resolve an ambiguity in a prior order," the movant must show that the court has a duty to do so. *In re Stosic*, 770 F. App'x 27, 30 (3d Cir. 2019).

A motion for reconsideration is only appropriate to "correct a clear error of law or to prevent a manifest injustice in the District Court's original ruling. Such motions are granted for 'compelling reasons,' such as a change in the law which reveals that an earlier ruling was erroneous, not for addressing arguments that a party should have raised earlier." *United States v.*

---

[2] The parties refer to these ten patents as the "Disputed Patents" because they involve a dispute about contract construction. I adopt this terminology. The Disputed Patents are U.S. Patent Nos. 7,453,881, 7,809,028, 7,978,706, 8,422,511, 7,796,705, 8,335,956, 8,407,546, 8,468,411, 8,645,784, and 8,598,577. (D.I. 232 at 6).

*Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (cleaned up). Accordingly, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court" ruled on the motion; "or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## III. DISCUSSION

### A. Motion for Clarification

ADTRAN argues that TQ Delta has offered "multiple, inconsistent interpretations of the Court's license construction" and requests that I further clarify my clarified construction of "in conjunction with." (D.I. 826 at 1, 6). TQ Delta counters that it is not "reinterpreting" the clarified construction, but instead applying it "in a manner consistent with the Court's rulings." (D.I. 815 at 4). To the extent that there is a dispute about the application of "in conjunction with" to the facts of this case, it is not because the clarified construction is vague or ambiguous. Rather, it is a fact question that is for the jury and not a matter for me to resolve. Inconsistencies in a party's license interpretation can be brought up on cross-examination. I have sufficiently clarified the construction of the license agreement at issue and will not clarify further. *See Resolution Trust Corp*, 1993 WL 211555, at *2. Thus, ADTRAN's Motion for Clarification is DENIED.

### B. Motion for Reconsideration

ADTRAN asks that I reconsider my Order denying its motion for summary judgment that the G.inp patents-in-suit are licensed because my ruling was a result of TQ Delta's "improper reinterpretation" of the clarified construction of the license. (D.I. 794 at 1). ADTRAN, however, did not state proper grounds for reconsideration. It has not shown an intervening change in

3

controlling law or that new evidence has become available since the Order which would warrant reconsideration. ADTRAN has also failed to show that there is error of law or fact that requires my correction or that manifest injustice would otherwise result. *See Max's Seafood Café*, 176 F.3d at 677. Therefore, ADTRAN's Motion for Reconsideration is DENIED.

## IV. CONCLUSION

Thus, ADTRAN's Motion for Clarification and Reconsideration (D.I. 794) is DENIED.

IT IS SO ORDERED this 3 day of October, 2019.

Richard G. Andrews
United States District Judge