

July 31, 2020

**VIA E-FILING**
The Honorable Richard G. Andrews
USDC for the District of Delaware
844 North King Street, Unit 9, Room 6325
Wilmington, DE  19801

Re:  *TQ Delta, LLC v. ADTRAN, Inc.* **(C.A. No. 14-954-RGA)**

Dear Judge Andrews,

This joint letter is being submitted pursuant to the Court's Oral Order requesting the parties to provide their "views on feasibility of the trial scheduled for August 31, and, in particular, to state which witnesses they intend to call live, to identify the states in which the witnesses live and their views on travel to Delaware then, and to identify any other currently known concerns about the scheduled trial." D.I. 1184.

**TQ Delta's position:**

TQ Delta believes that an August 31, 2020 trial is feasible for the following reasons. First, it is TQ Delta's understanding that Delaware's "out-of-state self quarantine ended on June 1, 2020" and "[t]hose traveling to Delaware from out of state no longer need to self quarantine for 14 days upon arrival." https://coronavirus.delaware.gov/frequently-asked-questions/#out-of-state-self-quarantine-order (last visited July 29, 2020). Second, any concerns regarding social distancing in the courtroom can be addressed by limiting the number of counsel and witnesses who are in the courtroom at any given time. Members of the public and any witnesses who would normally view the proceedings from the courtroom gallery could perhaps observe the proceedings by video feed to another room in the courthouse. Moving the gallery to another room in the courthouse would also allow members of the trial teams who are not actively involved in witness examination to move further away from the jury box. Third, counsel and witnesses can be asked to execute an undertaking agreeing to not attend court if they have, or recently have had, any undiagnosed Covid-19 symptoms. *See* https://coronavirus.delaware.gov/frequently-asked-questions/ ("What are the symptoms") (last visited July 29, 2020). Finally, the Court and the parties can rely on the comprehensive guidance developed by the COVID-19 Judicial Task Force and set forth in the report titled "Conducting Jury Trials and Convening Grand Juries During the Pandemic," to mitigate any risks in conducting a jury trial. *See* https://www.uscourts.gov/sites/default/files/combined_jury_trial_post_covid_doc_6.10.20.pdf (last visited July 31, 2020).

With respect to witnesses, TQ Delta intends to call the following witnesses live: Mr. Marcos Tzannes (California), Ms. Abha Divine (Texas), Dr. Vijay Madisetti (Georgia), Dr. Kevin Almeroth (California), and Dr. Elizabeth Rudnick (Massachusetts). All of these witnesses have indicated that they are willing and able to travel to Delaware for trial.

**ADTRAN's position:**

ADTRAN does not believe that a jury trial is feasible under the circumstances caused by the ongoing COVID-19 pandemic and requests the Court to continue the Family 6 trial until an in-person jury trial can proceed safely and without undue health risk to the participants. "[I]n order to further public health and safety, the health and safety of Court personnel, counsel, litigants, other case participants, jurors, security personnel, and the general public, and in order to reduce the number of gatherings necessarily attendant to jury trial selection in this Court," the District of Delaware has already continued all jury trials "scheduled to begin before August 31, 2020."[1] For the same reasons that the District continued jury trials through August 30, it is not feasible to hold a jury trial on, what is currently,[2] the first possible day to hold a jury trial after this general continuance. In particular, ADTRAN identifies the following specific considerations that render a jury trial infeasible:

As an initial matter, ADTRAN submits that it is not feasible to have in-person witness testimony. ADTRAN's expert witness Mr. McNair is a New Jersey resident. New Jersey currently requires travelers returning from Delaware to quarantine for fourteen days.[3] One of ADTRAN's primary fact witnesses, Dr. Kevin Schneider, is a Pennsylvania resident and would travel through Philadelphia to Delaware. While Pennsylvania recently dropped Delaware from its list of restricted states, it appears Philadelphia discourages travel to Delaware and has maintained its quarantine requirement.[4] A requirement that these witnesses quarantine upon their return from Delaware imposes a significant hardship on them and their families. With respect to Mr. McNair specifically, he is in a particularly high-risk category for COVID-19 because of age and pre-existing health conditions, as is his wife (for whom he is the primary caregiver). Under these circumstances, potentially exposing Mr. McNair to a life-threatening virus is clearly an extreme hardship and undue risk, for which the prejudice cannot be overstated. And the same would be true as to his wife upon his return. Our concerns are heightened because ADTRAN's lead counsel is from Alabama, which has been designated a high-risk state by Pennsylvania, New Jersey, Maryland, Washington D.C., and various other states. Trial preparation necessarily involves long hours typically in close quarters and maintaining effective social distancing does not seem feasible or realistic over the week-plus period of trial prep and trial.

---

[1] *See In re Court Operations under the Exigent Circumstances Created by COVID-19* (D. Del. July 17, 2020).

[2] Although the Standing Order currently terminates on August 31, it is plausible, if not likely, that the Court will further extend the Standing Order. The District of Delaware has already extended its Standing Order four times, and nothing in the most recent extension indicates that it is the last.

[3] See https://covid19.nj.gov/faqs/nj-information/travel-information/which-states-are-on-the-travel-advisory-list-are-there-travel-restrictions-to-or-from-new-jersey (last visited 7/31/2020).

[4] See https://www.phila.gov/programs/coronavirus-disease-2019-covid-19/updates/ (last visited 7/31/2020).

ADTRAN would object to the potential alternative of presenting all witnesses (or only its witnesses) remotely.  The Federal Rules reflect the requirement of in-person testimony as a basic tenet of trial.  Rule 43(a) provides that in general, "[a]t trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise."  The advisory committee noted the basis for this requirement:  "The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43(a) advisory committee note to 1996 amendment. These authorities and others recognize that remote testimony impairs a factfinder's ability to judge witness credibility, a key function and role of the jury.

Remote testimony and any necessary safety measures (*e.g.*, social distancing and face coverings) also would negatively affect trial presentation and potentially juror comprehension. This would be particularly prejudicial here, given that this five-day trial will solely involve highly technical subject matter.  If witnesses and attorneys cannot discern the facial expressions of the jury, either because testimony is remote or because of face coverings, it is difficult or impossible to perceive nonverbal cues to indicate whether the jury is comprehending the highly technical subject matter.  Likewise, increasing physical distance and requiring remote testimony would make it all the more challenging for the jury to understand the complex subject matter.

In addition, ADTRAN has concerns about the jury. First, ADTRAN is concerned whether a truly representative jury pool would be available given the ongoing pandemic, as certain age groups may decline to participate and it is unknown how many jurors would decline to participate because of health risks.  *See, e.g.*, In Re: Court Operations Under the Exigent Circumstances Created by COVID-19 (D. Conn. May 19, 2020) (stating that the pandemic may cause a "reduced ability to obtain an adequate spectrum of prospective jurors"); *see also* General Order No. 20-9 (E.D. La. June 26, 2020) (suspending jury trials due in part to "the Court's reduced ability to obtain an adequate spectrum of jurors"). Second, ADTRAN is concerned about the undue health risks to which prospective jurors, selected jurors, counsel, and Court personnel would be exposed. Current estimates are that, in a gathering of 50 people across the counties of Delaware, there is a 50% to 58% chance that at least one person will have COVID-19.[5] Given the serious heath complications or death caused by this virus, and given that exposure to other individuals will be multiplied over this five-day trial, the health risks of proceeding are substantial.

Postponing the trial would not prejudice TQ Delta.  First, TQ Delta is a non-practicing entity with no employees and no competitive interest that could be harmed by a delay.  Like Family 10, the accused feature at issue in Family 6 is an optional functionality that is defaulted off and not available to customers purchasing ADTRAN's product and not supported by ADTRAN, and there is no evidence that the feature has ever been enabled on even a single accused product by anyone.  *See* D.I. 1097 at 4-5.  Hence, it is questionable whether there are even money damages at issue.  *See* D.I. 909 at 13n.2 ("Damages have been bifurcated in this

---

[5] *See* https://covid19risk.biosci.gatech.edu/ (last visited July 31, 2020).

case, but I certainly wonder what amount of damages would be appropriate for infringement based on an inaccessible and unused 'capability.'"). Second, the case would not be over on September 4 if a jury trial began on August 31. This case has been bifurcated and subdivided into multiple patent families. Besides the Family 6 trial, there are additional liability trials to occur and the damages trial has not been set. Postponing the Family 6 trial does not necessarily delay the overall resolution of this case.

For the reasons stated above, any conceivable interest in proceeding with a trial on August 31 is far outweighed by the health risks in doing so. ADTRAN requests a continuance of the Family 6 trial.

ADTRAN intends to call the following witnesses live: Kevin Schneider (Pennsylvania; opposed to traveling to Delaware for an August 31 trial); Chip Gusler (Alabama; opposed to traveling to Delaware for an August 31 trial); Bruce McNair (New Jersey; opposed to traveling to Delaware for an August 31 trial). ADTRAN may call the following witnesses live, depending on the disposition of various motions before the Court: Fred Chu (Alabama; opposed to traveling to Delaware for an August 31 trial); Robert Conger (Alabama; opposed to traveling to Delaware for an August 31 trial).

        Respectfully submitted,

        /s/ Michael J. Farnan

        Michael J. Farnan

cc: Counsel of Record (Via E-Filing)