IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TQ DELTA LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 14-954-RGA |
| | : | Consolidated |
| ADTRAN, INC., | : | |
| | : | |
| Defendant. | : | |

**ORDER**

    I scheduled a jury trial for the "Family 6" patents for August 31, 2020. I have a trial status update (D.I. 1187) in response to my order requesting such. (D.I. 1184).

    Plaintiff states that its five witnesses would be coming from California, California, Texas, Georgia, and Massachusetts. Plaintiff's witnesses are all willing to travel to Delaware for the trial as scheduled. Defendant states that its three witnesses would be coming from Pennsylvania, New Jersey, and Alabama. The one from New Jersey is its expert witness, and he is in a high-risk category. None of Defendant's witnesses want to travel to Delaware for the trial as scheduled.

    Lead counsel for Plaintiff is from Chicago, and for Defendant is from Alabama.

    By standing order, jury trials in this District have been postponed four times, the last time through August 30, 2020. We are in Phase One of reopening. Whether we move to Phase Two, which we are supposed to do before we have any jury trials, on or before August 31st is an open question. As far as I know, the earliest any of my colleagues is preparing for a civil jury trial is

September 21st.  Given the timing of when we have extended the standing order previously, I would estimate we are two weeks away from a decision date on whether to extend it again.  I am not an epidemiologist and I cannot predict what is going to happen in the next few weeks, either in Delaware or nationally.  But I do not think it is prudent to maintain a schedule for a jury trial for the first day on which it is currently possible to hold such a trial.  In terms of the importance of trying this case now, I believe this is one of five Families (2, 3, 4, and 7 being the others) that remain to be tried; in other words, trying one of the five cases does not advance the ball toward resolution very much.  All the witnesses and essentially all the lawyers are from out-of-state.  And, based on my experience with the case to date (which includes about nine Markman hearings and two trials with a different defendant), Family 6 involves the most difficult technology to understand.  None of these factors make me think this is a particularly good case with which to conduct a jury experiment during a pandemic.

       Thus, I am going to **GRANT** Defendant's request for a continuance.  (D.I. 1187 at 4).

       IT IS SO ORDERED this 4th day of August 2020.

                                                                                            /s/ Richard G. Andrews  
                                                                             United States District Judge