IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TQ DELTA, LLC,<br><br>   Plaintiff,<br><br> v.<br><br>ADTRAN, INC.,<br><br>   Defendant. | Civil Action No. 14-cv-954-RGA |

**MEMORANDUM**

 Before me is Defendant's Motion to Strike (D.I. 1169) untimely opinions on invalidity provided in paragraphs 8-23 of Dr. Madisetti's Declaration, filed June 19, 2020. (D.I. 1129). The matter has been fully briefed. (D.I. 1170, 1176, 1185). For the reasons set forth below, Defendant's motion is GRANTED.

 A. **LEGAL STANDARDS**

 Federal Rule of Civil Procedure 26(a)(2)(B) requires an expert report to "contain…a complete statement of all opinions that the witness will express and the basis and reasons for them; [and] the facts or data considered by a witness in forming them." FED. R. CIV. P. 26(a)(2)(B). Parties must provide the report "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D). Expert reports that are not timely disclosed under Rule 26(a) may be subject to exclusion. FED. R. CIV. P. 37(c)(1).

 When determining whether a party's failure to disclose was justified or harmful, and deciding whether to strike potentially critical evidence, courts consider the following factors: (1) the importance of information withheld; (2) the prejudice or surprise to the party against whom

1

the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence ("the *Pennypack* factors"). *See Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (citing *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904–05 (3d Cir. 1977)). Exclusion of "critical evidence" is an "extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Meyers*, 559 F.2d at 905 (quoting *Dudley v. South Jersey Metal, Inc.*, 555 F.2d 96, 99 (3d Cir. 1977)) (internal quotations omitted). Determination of whether to exclude evidence is committed to the Court's discretion. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 749 (3d Cir. 1994).

    B.  **ANALYSIS**

Defendant argues that the portions of Dr. Madisetti's Declaration that present new invalidity opinions should be excluded because they violate the disclosure and timing requirements of the Federal Rules, the Court's Final Scheduling Order, and the Court's local rules. (D.I. 1170 at 10). First, Defendant argues Plaintiff violated Rule 26(a) by serving a "rebuttal invalidity report that failed to include a complete statement of Dr. Madisetti's opinions." (*Id.*). Second, given the Court's order that new expert opinions would not be permitted without "leave of court" (D.I. 369 ¶ 9.a), and the fact that Plaintiff did not in fact do so when submitting Dr. Madisetti's declaration, Defendant argues that the declaration violates the Court's scheduling order (D.I. 1170 at 10–11). Third, Defendant argues that Plaintiff violated Local Rule 7.1.3(c)(2) "by offering Dr. Madisetti's new opinions in support of its summary judgment [answering] briefs when, in all fairness, such evidence should have been included, at the very latest, in opening briefs." (*Id.* at 11).

2

Plaintiff responds that Dr. Madisetti's invalidity opinions in his Declaration are supplementary disclosures that elaborate on opinions Dr. Madisetti provided in his Rebuttal Report. (D.I. 1176 at 4). Plaintiff further argues that these invalidity opinions were "necessitated by Mr. McNair's new, untimely opinions set forth in his Reply Report." (*Id.*). These opinions were untimely, Plaintiff argues, because they sought to remedy deficiencies in Mr. McNair's opening report. (*Id.* at 5). Specifically, Plaintiff asserts that Mr. McNair's opening report did not provide "explanation for how a POSITA would combine" the G.992.1 and SC-060 references asserted in Defendant's obviousness arguments "while preserving the features of these techniques that form the basis of Mr. McNair's motivation to combine." (*Id.* at 6). Because Mr. McNair's opening report did not assert a "complete statement of opinions," Plaintiff argues that it was entitled, under Rule 26, to elaborate on opinions untimely raised in Mr. McNair's Reply Report.

Defendant replies that Mr. McNair's opening report adequately disclosed opinions later raised in his Reply Report. (D.I. 1185 at 4). Mr. McNair's opening report does not explicitly use the phrase "the use of the additional parameters," but his Reply Report does. That is the basis of dispute here. Defendant argues that references to SC-060's technique being "more 'robust and flexible' than 'a Synch flag alone'" through use of "scheduling and variable change time" requires the use of additional parameters. (*Id.*) (citing D.I. 1107, Ex. A ¶ 241). According to Defendant, therefore, there is no issue of untimely disclosure for Mr. McNair's opening report. (*Id.*).

I agree with Defendant that portions of Dr. Madisetti's Declaration violate the court's scheduling order by presenting new expert reports without "leave of court" after the close of expert discovery on May 29, 2020, and well after rebuttal expert reports (April 10, 2020) and

3

reply expert reports (April 24, 2020) were due. (D.I. 1013, 1084). To the extent that Plaintiff's defense is that their disclosure was in response to untimely opinions in Mr. McNair's Reply Report, I agree with Defendant that the discussion in Mr. McNair's opening report of modulating "scheduling" and "variable change time," and specifically that doing so provides advantages over use of "a Synch flag alone," provides sufficient foundation for arguments related to "use of additional parameters" in his Reply Report.

Defendant served McNair's Reply Report on April 24th. (D.I. 1048). Thereafter, McNair was deposed on May 20th. (D.I. 1069). Dr. Madisetti was deposed on May 21st. (D.I. 1071). Opening summary judgment briefs were filed on June 5th. Answering summary judgment briefs, including the offending declaration, were filed on June 19th. As best I can tell, Plaintiff simply lay in wait until the middle of summary judgment briefing to respond to McNair's "new" opinions made nearly two months earlier.

The *Pennypack* factors favor exclusion of the portions of Dr. Madisetti's Declaration that provide new opinions on invalidity. Although the portions of Dr. Madisetti's Declaration that provide new opinions on invalidity have some importance, since they relate to Plaintiff's attempt to rebut Defendant's allegations of obviousness of claims 8 and 10 of the '835 patent and claims 8 and 9 of the '162 patent (D.I. 1129 at ¶¶ 8–23), they are not so important that their exclusion would cause Plaintiff to concede Defendant's obviousness theories for Defendant's asserted combination of the G.992.1 and SC-060 references. Even if the opinions on invalidity in Dr. Madisetti's Declaration are not entirely fungible with others presented by Plaintiff, their importance does not outweigh the prejudice to Defendant, which received these new opinions during the middle of summary judgment briefing and would have had to "rush[] to supplement Mr. McNair's opinions in the seven days between opposition and reply briefs." (D.I. 1170 at 13).

It would be possible to mitigate some of the prejudice to Defendant—perhaps by allowing more deposition of Dr. Madisetti or allowing a supplemental expert report by Mr. McNair—but it would do nothing to mitigate the prejudice of interfering with the summary judgment briefing. Additionally, Defendant put forth its arguments in its opening report and expected to engage with Plaintiff's rebuttal during expert discovery—its invalidity theories might have been developed differently had Plaintiff's invalidity opinions been timely asserted.

Plaintiff does not otherwise explain why it did not seek "leave of court" before filing new expert opinions after the deadline for doing so. I therefore agree with Defendant that ¶¶ 8–23 of Dr. Madisetti's Declaration should be excluded.

### C. CONCLUSION

Plaintiff's failure to reasonably explain its choice not to timely disclose its new invalidity opinions, and the prejudice to Defendant since it has moved well past expert discovery, justify the exclusion of the portions of Dr. Madisetti's Declaration that opine on those theories.

Defendant's motion to strike (D.I. 1169) is **GRANTED**.

/s/ Richard G. Andrews
United States District Judge